## FISHER v. THE STATE OF OHIO.

*Criminal law—Sufficiency of indictment—Alleging county and state where crime committed.*

1. It must appear with certainty from the reading of an indictment that the offense charged was committed in the state and within the county where the indictment is returned.
2. An indictment which recites that "The jurors of the Grand Jury of the County of Warren and State of Ohio," do find that X "at the County of Warren aforesaid," etc., alleges with sufficient certainty that the offense was committed in the state of Ohio and within the county of Warren, although the caption contains no connective word or averment showing the county of Warren to be in the state of Ohio.

(Decided May 15, 1922.)

ERROR: Court of Appeals for Warren county.

*Messrs. Egan & Delscamp,* for plaintiff in error.
*Mr. F. M. Cunningham,* prosecuting attorney of Warren county, for defendant in error.

BY THE COURT. Plaintiff in error was indicted and convicted on a charge of larceny. On the verdict of guilty, sentence was passed. To that judgment he prosecutes error to this court.

Two claims of error are raised:

First. That the court erred in overruling a motion to quash the indictment and in overruling a demurrer to the same.

Second. That the verdict and judgment are against the weight of the evidence.

The claimed defect in the indictment is that there is no connective word or averment showing the county of Warren to be in the state of Ohio. The indictment, omitting the caption, is as follows:

"In the Court of Common Pleas, Warren County, Ohio, of the Term of April in the year of our Lord one thousand nine hundred and twenty-one:

"The jurors of the Grand Jury of the County of Warren and State of Ohio, then and there duly impaneled, sworn and charged to inquire of and present all offenses whatever committed within the limits of said County, on their said oaths, in the name and by the authority of the State of Ohio, do find and present: that Walter Fisher late of said County, on the 13th day of June in the year of our Lord one thousand nine hundred and twenty-one, at the County of Warren aforesaid in the night season of the same day, to-wit; about the hour of two o'clock in the night, in the County of Warren aforesaid, into a certain Hen-House    *    *    *."

As was stated in the case of *Foster* v. *The State*, 19 Ohio St., 415, at 417, undoubtedly it must appear from the indictment with certainty that the offense charged was committed in the state and within the county where the indictment is returned. From the plain reading of the indictment it seems clear to the court that the offense is alleged to have been committed in the state of Ohio, and within the county of Warren, with such certainty as to admit of no argument.

The case of *Foster* v. *The State, supra,* is clear authority for sustaining the indictment.

It would serve no good purpose to discuss the evidence with reference to the weight, but a reading of the record convinces the court that the evidence fully sustains the verdict and judgment.

Complaint is made that the prosecuting witness is a member of the horse rangers, a law and order organization in the county, and that the influence of the organization prevented a fair trial. Nowhere in the record does it appear that this fact had any bearing on the case, or influenced the jury in its verdict.

*Judgment affirmed.*

HAMILTON, P. J., CUSHING and BUCHWALTER, JJ., concur.